J-A14041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMANDA MARIE FARBER | : | |
| | : | |
| Appellant | : | No. 1152 WDA 2020 |

Appeal from the Judgment of Sentence Entered September 18, 2020
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002616-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMANDA MARIE FARBER | : | |
| | : | |
| Appellant | : | No. 1153 WDA 2020 |

Appeal from the Judgment of Sentence Entered September 18, 2020
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001433-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMANDA MARIE FARBER | : | |
| | : | |
| Appellant | : | No. 1154 WDA 2020 |

Appeal from the Judgment of Sentence Entered September 18, 2020
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002603-2014

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :              PENNSYLVANIA
                                 :
                    v.           :
                                 :
                                 :
AMANDA MARIE FARBER              :
                                 :
              Appellant          :     No. 1155 WDA 2020

Appeal from the Judgment of Sentence Entered September 18, 2020
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001310-2018

BEFORE:  MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED:  July 7, 2021**

Amanda Marie Farber ("Farber") appeals from the judgements of sentence[1] imposed following the revocation of her probation.  Additionally, Farber's counsel has filed a Petition to Withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967).  We grant counsel's Petition to Withdraw and affirm Farber's judgments of sentence.

The trial court set forth the following factual and procedural history as follows:

> On July 13, 2015, [Farber] entered a guilty plea before the Honorable Wade A. Kagarise [("Judge Kagarise")] and received an aggregate [sentence] of three years of probation, consistent with

---

[1] Farber's judgments of sentence were entered on September 18, 2020.  An Amended Order of Sentence was entered on October 26, 2020, to enable Farber to receive appropriate credit for time served.

the plea agreement, for the charges of [Possession with Intent to Deliver] and Criminal use of a Communication Facility filed at each case.

[Farber] violated the terms of her probation[;] therefore, at a *Gagnon I*[2] hearing held on July 12, 2016[,] and after being advised of the nature of her violations and the right to a full hearing in the matter, she executed a Waiver Form relative to a *Gagnon II* proceeding. [Farber] consented to her 3 years' probation at each count being revoked and reinstated to run concurrently with one another. Such was confirmed in an Order of Court entered August 26, 2016[,] by Judge Kagarise.

[Farber] once again violated the terms of her supervision and was scheduled for a *Gagnon II* Revocation Hearing on September 28, 2018, before the Honorable Daniel J. Milliron [("Judge Milliron")]. After such hearing, Judge Milliron revoked [Farber's] probation and resentenced her to an aggregate sentence of 3 to 23 months in the Blair County Prison, followed by a consecutive 5[-]year probationary period.

Thereafter, [Farber] again violated the terms of her []probation, resulting in a further *Gagnon II* hearing[,] held on May 1, 2020[,] before the Honorable Elizabeth A. Doyle. The probations were revoked and reinstated, some in concurrent status and some in consecutive fashion. The net effect was that [Farber] was subject to eight (8) years' probation. It was also directed that [Farber] be evaluated for the Blair County Drug Court Program.

[Farber] was evaluated and deemed to be an appropriate candidate for the Blair County Drug Court Program. Therefore, [a] further hearing was held before the undersigned on June 12, 2020, at which time she was entered into [the court's] Drug Court Program, subject to the standard restrictive conditions relative to such program.

Once again, [Farber] failed to comply with the terms of her supervision, resulting in a *Gagnon II* Revocation Hearing held

---

[2] *See Gagnon v. Scarpelli*, 411 U.S. 778. 782 (1973) (stating that due process requires that a probationer be given a preliminary (*Gagnon I*) and a final (*Gagnon II*) hearing prior to revoking probation).

before the undersigned on September 18, 2020. There was no contest to the violation of the terms and conditions of her supervision[,] and [the trial court] revoked [Farber's] probationary sentences and resentenced her to an aggregate sentence of 2 to 4 years in the state correctional system. [Farber] was afforded any and all appropriate credit for time served. We also found her to be [Recidivism Risk Reduction Incentive ("RRRI")] eligible and, if confirmed by the Pennsylvania Department of Corrections, her RRRI minimum would be 18 months. We entered of record that neither the Commonwealth nor the court had any objections to [Farber] being considered for the State Drug Treatment Program. We specifically noted that "… in fact, we believe that she is a viable candidate for such program."

Trial Court Opinion, 11/23/20, at 1-4 (record citations omitted).

Farber filed timely Notices of Appeal.[3] Both Farber and the trial court complied with Pa.R.A.P. 1925.

Initially, we may not address the merits of the issue raised on appeal without first reviewing the request to withdraw. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005). Therefore, we review counsel's Petition at the outset. Counsel must (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that might support the appeal; and (3) furnish a copy of the brief to the defendant and advise the defendant that he or she has the right to retain

_____

[3] Farber filed a separate Notice of Appeal at each of the four dockets from which she is appealing, thus satisfying *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), and its progeny. On November 24, 2020, this Court, *sua sponte*, consolidated those appeals into a single appeal.

private counsel or raise additional arguments that the defendant deems worthy of this Court's attention. *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009).

Here, counsel's Petition to Withdraw states that he reviewed the record and concluded that the appeal is frivolous. Additionally, counsel notified Farber that he was seeking permission to withdraw, furnished Farber with a copy of the Petition to Withdraw and *Anders* Brief, and advised Farber of her right to retain new counsel or proceed *pro se* to raise any points she believes worthy of this Court's attention. Accordingly, counsel has satisfied the procedural requirements of *Anders*.

Having concluded that counsel has complied with the procedural mandates of *Anders*, we now determine whether counsel's *Anders* Brief meets the substantive dictates of *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. Super. 2009). According to *Santiago*, in the *Anders* brief that accompanies counsel's petition to withdraw, counsel must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Here, counsel provided the facts and procedural history of the case. Additionally, counsel refers to the claim Farber wished to assert on appeal,

- 5 -

*i.e.*, that her sentence was too harsh, and concludes that the issue is wholly frivolous. *Anders* Brief at 4-5. According to counsel, the claim is frivolous because Farber cannot show that her sentence is inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms of the sentencing process. *Id.* at 5. Specifically, counsel averred,

> [i]n the case at bar[,] [Farber] has had three prior revocations. She admitted to an addiction problem and failed to take advantage of Drug and Alcohol treatment that was offered to her through the County Drug Treatment Program. The [trial court] sentenced her to an SCI facility to get Drug and Alcohol Treatment. It is submitted it would be frivolous to argue that this sentence was manifestly unreasonable or the result of partiality, bias, or ill-will.

*Anders* Brief at 6. Accordingly, counsel has complied with the minimum requirements of *Santiago*. We next review the issue in the *Anders* Brief to determine whether the appeal, is in fact, wholly frivolous.

On appeal, Farber challenges the discretionary aspect of her sentence and claims her sentence was too harsh. *Anders* Brief at 4. "There is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013). An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). We must consider

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a

substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Here, although Farber filed a timely Notice of Appeal, she failed to properly preserve the issue by raising it at sentencing or in a post-sentence motion. Thus, the issue is waived. *See Commonwealth v. Tukhi*, 149 A.3d 881, 888-89 (Pa. Super. 2016) (concluding that challenge to the discretionary aspects of sentencing following a probation revocation was waived due to the appellant's failure to preserve the issue at sentencing). An issue that is waived is frivolous. *Id.* at 888.

Even if we were to reach the merits of Farber's claim, we would conclude that the claim lacks merit. "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of error of law or an abuse of discretion." *Commonwealth v. Giliam*, 233 A.3d 863, 866-67 (Pa. Super. 2020). In its Opinion, the trial court set forth the relevant law, addressed Farber's claim, and determined that the probation revocation sentence was proper given Farber's multiple violations of the terms of her supervision, her failures to take advantage of the rehabilitation opportunities given to her, and her rehabilitative needs. Trial Court Opinion, 11/23/20, at 5-10. The trial court also included the following in its sentencing Order:

> In entering this sentence, we have considered the presentations this date on behalf of the Commonwealth and [Farber]. We've also considered the information set forth in the *Gagnon II* revocation packet which is incorporated herein. We agree with

- 7 -

the Commonwealth that [Farber] has not taken advantage of the treatment opportunities she was afforded at the county level[,] and that such county resources [have been] exhausted. We believe her needs would best be addressed within the state prison setting which will provide the structure that she needs. It is our hope that she will take full advantage of the state drug treatment program if accepted into such program. We do find [Farber] is eligible for the motivation boot camp.

Order of Sentence, 9/18/20, at 3-4. Thus, even if we reached the merits of Farber's claim, we would conclude that there is no abuse of discretion. **Commonwealth v. Sierra**, 752 A.2d 910, 915 (Pa. Super. 2000) (holding that after review of the record, trial court did not abuse its discretion where it had in-depth knowledge of the defendant, that parole and probation were ineffective in rehabilitating her; therefore, incarceration was appropriate).

Finally, following our independent review of the record, we conclude there are no other non-frivolous issues that could be raised by Farber. Accordingly, we grant counsel's Petition to Withdraw from representation, and affirm Farber's judgments of sentence.

Petition to Withdraw granted. Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2021

- 8 -